RICY D. JONES AND ANOTHER, APPELLANTS, *v.* B.
H. JONES, RESPONDENT.[1]

PROBATE. COURT. — APPEAL FROM ORDER APPOINTING ADMINIS-
TRATOR.—PARTY IN INTEREST.—Under rule 24 of the Supreme
Court, 9 Utah, 521 (27 P. R. IX), allowing any party entitled
by reason of personal interest, to ask for or oppose a judg-
ment in the probate court to appeal from an adverse judgment
of that court to the district court, one cannot appeal from an
order appointing an administrator of the estate of his deceased
brother, who died unmarried, intestate and without issue, but
leaving a father and mother, it not appearing that appellant
had any other interest than that of brother, as in such case
by provisions of 2 Comp. Laws 1888, sec. 2741, subd. 2.    The
estate of decedent, who dies intestate, unmarried and without
issue, goes to his father and mother, as his next of kin.

(No. 600.    Decided Aug. 31, 1895.    41 P. R. 563.)

APPEAL from the District Court of the Fourth Judicial
District.    Hon. H. W. Smith, *Judge.*

B. H. Jones was appointed both general and special
administrator of the estate of Louis H. Jones, deceased.
From the orders of appointment and various other orders,
Ricy H. Jones appeals to the district court.    Afterwards
Ricy H. Jones and Ricy D. Jones were appointed special
administrators of the same estate, and B. H. Jones appealed
to the district court.    Each filed motions to dismiss the
appeal of the other.    From the judgment of the district
court setting aside and annuling the order of the probate
court appointing Ricy H. Jones and Ricy D. Jones special
administrators, and dismissing their appeal from the pro-
bate court, they appeal.    *Affirmed.*

---

[1] Rehearing denied Dec. 21, 1895.

[In addition to the facts stated in the opinion, the following are found in the record: On September 21, 1894, the probate court of Box Elder county appointed B. H. Jones special administrator, and on November 9, 1894, general administrator, of the estate of Louis H. Jones, deceased. On december 24, 1894, Ricy H. Jones, a brother of the administrator and of the decedent, appealed to the district court from the orders appointing B. H. Jones special and general administrator, and from various other orders. On December 26, 1894, the probate court appointed Ricy D. Jones, the father of the deceased, and Ricy H. Jones special administrators. B. H. Jones had been appointed general administrator at the request of the father and mother. On January 10, 1895, B. H. Jones appealed from the order of the probate court declaring "a vacancy in the administration of the said estate," and also from the order entered on December 26, appointing special administrators. On February 23, 1895, B. H. Jones filed a second notice of appeal from the same orders. On the 11th day of April, 1895, Ricy H. Jones and Ricy D. Jones served a notice of motion to dismiss the appeal of B. H. Jones taken on the 10th day of January, 1895, and also the appeal attempted to be taken on the 23d of February, 1895. On the 13th day of April, 1895, B. H. Jones served a notice of "Motion to dismiss case" upon B. H. Jones, on the ground that the grant of special letters to Ricy D. Jones and Ricy H. Jones was null and void. Upon the record thus made, these various motions came on to be heard on the 20th day of April, 1895, whereupon the court adjudged that the proceedings be dismissed and that the orders of the probate court of Box Elder county appointing Ricy D. Jones and Ricy H. Jones special administrators of the said estate be and the same are hereby annulled. From which judgment the special administrators, Ricy D. Jones and Ricy H. Jones, appealed.—REP.]

*Ricy H. Jones,* for appellants.

*B. H. Jones & Barlow Ferguson,* for respondent.

BARTCH, J.:

This is an appeal from an order of the district court dismissing an appeal from the probate court of Box Elder county. It appears from the record that Lewis H. Jones died intestate, leaving neither wife nor issue; that B. H. Jones, a brother of deceased, on September 13, 1894, at the request of the parents of the deceased, filed his petition for general letters of administration; that on September 21, 1894, Ricy H. Jones, another brother of the deceased, petitioned the court for general letters of administration, and on the same day B. H. Jones was appointed special administrator of the estate; that on November 9, 1894, the petition of Ricy H. Jones was denied, and B. H. Jones was appointed general administrator; that on December 24, 1894, Ricy H. Jones appealed to the district court from the order appointing B. H. Jones special administrator, and from the one appointing him general administrator, and from several other orders; and that, within two days after the appeal was taken, Ricy H. Jones and R. D. Jones were appointed special administrators of the estate. All these administrators gave bonds, and received letters of administration. Under this state of facts, the appellants insist that the court erred in dismissing the appeal of Ricy H. Jones from the various orders of the probate court.

The motion to dismiss was based on the records and files of the proceedings in the case, and there appears to be nothing contained in the record of appeal to this court which indicates that Ricy H. Jones had such a personal interest in the estate as entitled him to appeal from an order appointing an administrator. It is shown, however,

from the facts above stated, that Lewis H. Jones died intestate, leaving his father and mother, but neither wife nor any child, surviving him. This being so, Ricy H. Jones, the appellant from the order of the probate court, was not entitled, as heir at law, to any portion of the estate; for section 2741, subd. 2, Comp. Laws 1888, among other things, provides as follows: "If the decedent leave no issue, nor husband, nor wife, the estate must go to his father and mother in equal shares, or if either be dead, then to the other." This statute is conclusive of the rights of Ricy H. Jones as heir at law, and there appears to be nothing in the abstract indicating that he had any other interest in the estate, giving him a right to appeal, under the provisions of rule 24 of the supreme court (27 Pac. ix), which, so far as material here, reads as follow: "Any party entitled by reason of a personal interest, to ask for, or to oppose any judgment or decree in the probate court, may appeal from the judgment or decree made by the court, adverse to him or his interest, to the district court of the judicial district embracing the county where such probate court is held." Under this rule, the mere fact that Ricy H. Jones was a brother of the deceased avails him nothing. In order to enable him to take such an appeal as was attempted in this case, it must affirmatively appear that he had a personal interest in the estate, because that is the ground upon which the right of appeal rests in a case of this character. No such interest appearing, the district court properly dismissed the appeal.

There were other questions raised by counsel in this case, but we do not deem it necessary to discuss them, because there appears to be no reversible error in the record. The judgment is affirmed.

MERRITT, C. J., and KING, J., concur.